**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Paul Michael WALTON, Defendant-Appellant.**

**No. 72–1326.**

United States Court of Appeals, Ninth Circuit.

May 5, 1972.

Jerry Berg, of Collins, Hays, Stewart, Berg, Pott & Sanford, Inc., San Jose, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., Chester J. Moore, III, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HAMLEY, CHOY and GOODWIN, Circuit Judges.

PER CURIAM:

Paul Walton appeals from his conviction for refusing to submit to induction, in violation of 50 U.S.C. App. § 462. We affirm.

In June 1968, Walton was classified I-A. He did not appeal this classification. However, in February 1970, he requested a Form 150 (conscientious-objector application). He completed the form and returned it to his local board on March 3, 1970, with a letter which read: "I would at this time like to place my case on appeal for classification I-O."

The board rejected the conscientious-objector application June 24, 1970, and notified Walton of his right to appeal within 30 days. He did nothing until September 1970, when he refused induction.

■■ Walton now says that his letter of March 3, 1970, should be treated as a notice of appeal from the board's decision of June 24, 1970, three months later. We agree with the district court's refusal

to treat an anticipatory letter as a notice of appeal. A notice of appeal after a decision is entitled to liberal construction. A purported notice of appeal in advance of decision is not entitled to any construction. It is a nullity.

Affirmed.